UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SENI OUEDRAOGO,

Petitioner,

v.

TODD BLANCHE, et al.,

Respondents.

Case No. 2:26-cv-04179-TLF

ORDER GRANTING UNOPPOSED HABEAS PETITION

Seni Ouedraogo, proceeding through counsel, petitions for a writ of habeas corpus under 28 U.SC. § 2241. Dkt. 1. He states that on September 12, 2026, he was detained by the United States Immigrations and Customs Enforcement (“ICE”) and is currently housed at the Northwest ICE Processing Center (“NWIPC”). Dkt. 1 at 3, 6.

On October 30, 2026, this Court issued a scheduling order directing respondents “to show cause why the writ of habeas corpus should not be granted” and to file a brief by November 13, 2026. Dkt. 2. Respondents did not file a response. And, this Court was recently informed that if no attorney from the United States Attorney's Office (“USAO”) appears in an immigration habeas proceeding within seven court days of the issuance of the scheduling order, the Court may assume that no response to the petition will be filed. *E.g.*, *Garcia v. Facility Adm’r*, No. C26-4156-KKE, 2026 WL 3381534, at *1-*3 (W.D. Wash. Nov. 7, 2026) (providing the text of the USAO letter). As those seven days and the response brief deadline have passed, the present matter appears to be such a case.

The parties unanimously consent to the jurisdiction of a Magistrate Judge. Dkt. 3. As elaborated below, the Court **GRANTS** the unopposed petition (Dkt. 1), and **ORDERS** the government to immediately release petitioner **no later than November 18, 2026**.

## I. BACKGROUND

Petitioner states he fled Burkina Faso due to being persecuted for his sexual orientation. Dkt. 1 at 4-6. Petitioner asserts he has a literacy and language barrier, and is unable to read or write. Dkt. 1 at 5-6. He "was initially detained by ICE when he entered the United States at the end December in 2017" and "received his final order of removal in October of 2019 and [the] BIA dismissed his appeal in December of 2020." Dkt. 1 at 5 (stating he was in custody for three years and three months); *see also* Dkt. 1-5 at 55, 65-66 (order of removal, also denying asylum, withholding or removal, and relief under the Convention Against Torture).

Thereafter, he "was released on an OSUP on March 10, 2021." Dkt. 1 at 5. "On September 12, 2026[, he] was detained by ICE outside of his home . . ." Dkt. 1 at 6. He asserts he was "not provided a pre-deprivation hearing" and was "unlawfully detained because ICE did not have a significant change in circumstance (a valid travel document) warranting Petitioner's re-detention." Dkt. 1 at 1.

## II. DISCUSSION

Petitioner asserts numerous claims, including a due process claim under *Mathews v. Eldridge*, 424 U.S. 319 (1976), a substantive due process claim under *Zadvydas v. Davis,* 533 U.S. 678, 693 (1976), and claims relating to third country removal. *E.g.*, Dkt. 1 at 6-14, 16, 22-26.

The USAO has a statutory responsibility to "defend, for the Government, all civil actions, suits or proceedings in which the United States is concerned." 28 U.S.C. §

547(2); *see also Singh v. Blanche,* No. 2:26-CV-04143-TMC, 2026 WL 3374205, at *1 (W.D. Wash. Nov. 7, 2026). And in "our adversarial system of adjudication, we follow the principle of party presentation," meaning that "in both civil and criminal cases . . . we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020) (citation modified).

The government has full access to the relevant facts concerning petitioner's detention, yet it offers no factual or legal assertions to defend the basis for petitioner's custody. Under these circumstances, "the Court is not duty-bound to go find a reason for them—indeed, the party presentation principle requires it to do the opposite." *Charles Alexander Ponzon Deroy v. Warden,* No. 5:26-CV-05972-BFM, 2026 WL 3132157, at *2 (C.D. Cal. Oct. 19, 2026). And the government's election not to oppose the petition constitutes forfeiture of the arguments it could have made. *Id*. (citing *Martinez v. Sessions*, 873 F.3d 655, 660 (9th Cir. 2017) ("The government does not offer any argument on the merits of this petition; therefore, it has waived any challenge to the arguments [the opposing party] raised.")).

*Zadvydas* is clearly established law from the United States Supreme Court. As petitioner alleges that the 6-month period that is presumed reasonable expired when petitioner was in custody for over three years starting in 2017, this claim entitles him to relief.

Courts in this Circuit, including this one, have also granted relief based on procedural due process arguments similar to those now asserted by petitioner under *Mathews*. *See, e.g.*, *Diego Francisco v. Noem*, No. 2:26-cv-00025-GJL, 2026 WL

295211 (W.D. Wash. Feb. 4, 2026) (ordering release under *Mathews* after considering petitioner's OSUP revocation).

The Court construes the habeas petition as intentionally unopposed and finds that the government has waived any challenge to the arguments raised in the petition. *See Carrillo v. Mullin*, No. 5:26-cv-05229-SK, 2026 WL 2815883 (C.D. Cal. Sep. 18, 2026); *see also Ponzon Deroy*, 2026 WL 3132157, at *2 (C.D. Cal. Oct. 19, 2026).

## III. CONCLUSION

The Court thus finds the government failed to meet its burden to show cause why the writ of habeas corpus should not be granted. The Court therefore **GRANTS** the unopposed petition (Dkt. 1) and **ORDERS:**

**(1)** The government must immediately release petitioner **no later than November 18, 2026,** under the conditions of his most recent order of supervision.

**(2)** Petitioner's counsel and the United States Attorney's Office shall file a joint status report with this Court **no later than November 19, 2026**, confirming the date and time of petitioner's release.

**(3)** Respondents are prohibited from re-arresting or re-detaining petitioner unless and until he has received notice and a hearing consistent with due process.

**(4)** The Clerk shall send copies of this Order by email to usawaw.habeas@usdoj.gov and to send uncertified copies of this Order to all counsel of record.

Dated this 17th day of November, 2026.

Theresa L. Fricke

Theresa L. Fricke
United States Magistrate Judge